IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01123-BNB

JONATHAN LEE RICHES, d/b/a
BERNARD L. MADOFF, a/k/a
UMAR FAROUK ABDULMUTALLAB,

Plaintiff,

v.

DEEPWATER HORIZON RIG, a/k/a TRANSOCEAN Ltd, d/b/a BP PLC, et al.,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG - 3 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL AND TO SHOW CAUSE

Plaintiff, Jonathan Lee Riches, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the Federal Medical Center in Lexington, Kentucky. He submitted to the Court *pro se* a document titled "Preliminary Injunction, Temporary Restraining Order TRO, 28 USC 1331."

The Court reviewed the document and determined it was deficient. Therefore, in an order filed on May 14, 2010, Magistrate Judge Craig B. Shaffer directed the clerk of the Court to commence a civil action and directed Mr. Riches to cure certain deficiencies in the case within thirty days if he wished to pursue his claims.

The May 14 order pointed out that Mr. Riches failed to submit either the $350.00 filing fee or to file on the proper, Court-approved form a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 together with a certified copy of his trust fund account statement for the six-month period immediately preceding this filing.

The order also pointed out that Mr. Riches failed to submit on the proper, Court-approved form a Prisoner Complaint. The order warned Mr. Riches that if he failed to cure the designated deficiencies within thirty days, the action would be dismissed without prejudice and without further notice.

On June 18, 2010, Mr. Riches submitted a motion requesting an extension of time in which to cure the deficiencies designated in the May 14 order. On June 22, 2010, Magistrate Judge Boyd N. Boland entered a minute order granting the motion, and allowed Mr. Riches thirty days in which to cure the designated deficiencies. On June 25, 2010, Mr. Riches submitted a motion titled "Motion to Correct Clerical Error" and "Motion to Amend Complaint" in which he asks to add a new alias and to amend the complaint not yet filed. That motion currently is pending before the Court.

On July 6, 2010, Mr. Riches submitted a second motion requesting an extension of time in which to cure the deficiencies designated in the May 14 order, which he erroneously referred to as an October 22, 2010, order. On July 7, 2010, Magistrate Judge Boland entered a minute order denying the second motion for an extension because Mr. Riches already was granted an extension on June 22, and continued to have until July 22, 2010, in which to cure the deficiencies designated in the May 14 order. On July 19, 2010, Mr. Riches filed two more motions, one titled "Movants Motions to Intervene as Plaintiff's Under Federal Rules of Civil Procedure 24(a)2, 24(8)," and the other seeking to amend the complaint not yet filed. Both motions currently are pending before the Court. On July 22, Mr. Riches filed a notice of appeal from the July 7 minute order denying the second motion for an extension.

The Court must construe Mr. Riches' filings liberally because he is representing

2

himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

"The filing of a notice of appeal is an event of jurisdictional significance–it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam); *see Stewart v. Donges*, 915 F.2d 572, 574 (10th Cir. 1990). However, courts of appeals generally have no jurisdiction to review district court orders until there is a "final decision" from the district court under 28 U.S.C. § 1291. *Stewart*, 915 F.2d at 574.

Mr. Riches may not appeal from the July 7 minute order because it is not a final order under § 1291. Furthermore, although not specifically requested by Mr. Riches, the Court will not certify the July 7 minute order in this action for an interlocutory appeal because the order does not involve a controlling question of law as to which there is substantial ground for difference of opinion. *See* 28 U.S.C. § 1292(b).

"If the notice of appeal is deficient by reason of untimeliness, lack of essential recitals, reference to a non-appealable order, or otherwise, the district court may ignore it and proceed with the case." *Arthur Andersen & Co. v. Finesilver*, 546 F.2d 338, 340-41 (10th Cir. 1976). "Otherwise, a litigant could temporarily deprive a court of jurisdiction at any and every critical juncture." *Hodgson v. Mahoney*, 460 F.2d 326, 328 (1st Cir.), *cert. denied*, 409 U.S. 1039 (1972). Because Mr. Riches may not appeal from the Court's July 7 minute order denying him a second extension of time,

the Court will ignore the notice of appeal and proceed with the case.

The May 14 order to cure warned Mr. Riches that if he failed to cure the designated deficiencies as directed within the time allowed the action would be dismissed without further notice. Mr. Riches has failed within the time allowed to cure the designated deficiencies. Therefore, the action will be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with a Court order and cure the designated deficiencies as directed within the time allowed. Although the text of Rule 41(b) requires a defendant's motion to dismiss, "the Rule has long been interpreted to permit courts [as here] to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

Even though one of the deficiencies Mr. Riches failed to cure in this case was to file a motion for leave to proceed pursuant to § 1915, the Court notes that Mr. Riches' § 1915 filings, according to www.pacer.pcl.gov, have been restricted by other federal courts under what is known as the "three strikes" provision of § 1915. "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir.2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

In relevant part, § 1915 provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an

4

> action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

As stated by the United States District Court for the Western District of Wisconsin in *Riches v. Karpinski*, Nos. 08-cv-00374-BBC and 08-cv-00346-BBC, 2008 WL 2564785 (W.D. Wis. June 25, 2008) (unpublished), Mr. Riches has filed three or more civil actions or appeals that were dismissed as frivolous, malicious, or failing to state a claim for which relief could be granted:

> The federal court's PACER system shows that at least since August of 2007, petitioner Jonathan Lee Riches, a prisoner at the Federal Correctional Institution in Williamsburg, South Carolina, has struck out under the Prison Litigation Reform Act. *See, e.g., Riches v. Bureau of Prisons*, No. 6:06-CV-0194-MBS (D.S.C. Mar. 17, 2006); *Riches v. Guantanamo Bay*, No. 2:07-CV-13041-VAR (E.D.Mich. Aug. 8, 2007); and *Riches v. Swartz*, No. 7:07-CV-00379 (W.D.Va. Aug. 13, 2007). Nevertheless, he has been able to bombard the federal courts across the United States with a total of 1834 lawsuits, 1540 of them since the start of 2008. The hardest hit courts in January 2008 were the Northern District of California with 205 filings, the Northern District of Virginia with 152 filings, the Eastern District of Pennsylvania with 52 filings, the Northern District of Georgia with 55 filings, and the District of South Carolina with 50 filings. Petitioner also filed lawsuits in January in Florida, Maine and Maryland, for a grand total of 533 suits.
>
> The Northern District of California put a stop to petitioner's filings quickly, *see Riches v. Giambi*, No. C 07-6156 MJJ(PR) (N.D.Cal. Jan. 2, 2008) (dismissing 22 cases as legally frivolous and restricting petitioner from filing "any civil complaints in this Court without payment of the full statutory filing fee"). *See also, Riches v. Foxworthy*, No. C 08-0068 MJJ(PR) (N.D.Cal. Jan. 16, 2008) (dismissing 21 cases as legally frivolous and for failure to comply with Jan. 2 order);

*Riches v. Mayweather*, C 08-0381 MJJ (PR) (N.D.Cal. Jan. 30, 2008)(dismissing 54 frivolous actions); *Riches v. Earvin Magic Johnson*, No. C 08-0061 MJJ(PR) (N.D.Cal. Jan. 23, 2008) (same; dismissing 13 frivolous actions); *Riches v. Fawcett*, C08-0441-MJJ(PR) (N.D.Cal. Jan. 30, 2008) (dismissing 60 frivolous actions).

Out of luck in California, petitioner turned his attention in February to the Western District of Virginia, filing 105 cases there. In addition, he pelted the District of South Carolina with another 88 cases and the Northern District of Georgia with another 47. He also filed suits in Maryland, New York, Pennsylvania, Louisiana, Kentucky, Hawaii, Oregon and Ohio, for a total of 282 filings. Virginia curtailed petitioner's activities immediately. *See, e.g., Riches v. Various Defendants*, No. 7:08-cv-0084 (W.D.Va. Feb. 12, 2008) (dismissing 21 cases for failure to pay or demonstrate imminent danger); *Riches v. Various Defendants*, No. 7:08-cv-0111 (W.D.Va. Feb. 19, 2008) (dismissing 36 cases). So did at least one judge in Northern Georgia. *See, e.g., Riches v. Various Defendants*, 1:08-cv-0056-WBH (N.D.Ga. Feb. 4, 2008) (dismissing 28 cases for failure to pay filing fee, finding imminent danger allegations "lack[ing] sufficient credibility to qualify [for exception to 28 U.S.C. § 1915(g) ]"); *Riches v. Various Defendants*, 1:08-cv-0282-WBH (N.D.Ga. Feb. 21, 2008) (same dismissing 29 cases). Petitioner remained undeterred.

In March, petitioner filed 252 new lawsuits in the Northern District of Georgia and 80 new cases in the District of South Carolina. At that point, United States District Judge Willis B. Hunt, Jr. of the Northern District of Georgia said "Enough." In an order dated March 25, 2008, dismissing 276 of petitioner's cases, Judge Hunt held that petitioner was a "vexatious and abusive litigant" and permanently enjoined him from "filing or attempting to file any new lawsuit in this Court without first obtaining leave of the Court to do so." *In re Jonathan Lee Riches*, No. 1:08-cv-0498-WBH, slip op. at 2 (N.D.Ga. Mar. 25, 2008). Also in March, the Northern District of West Virginia summarily dismissed the cases petitioner had filed there in January. *See, e.g., Riches v. Khanani*, 1:08CV24 (N.D.W.V. Mar. 12, 2008) (dismissing 90 cases for failure to prepay filing fee, finding imminent danger allegations "irrational and wholly incredible"); *Riches*

> v. Dierks, 1:08cv02 (N.D.W.V. March 14, 2008 (dismissing 48 cases).
>
> Like a bully banned from all but one neighborhood playground, petitioner spent his time in April 2008 peppering the District of South Carolina with 351 new cases. On May 17, 2008, United States District Judge Margaret Seymour entered an order in 82 of petitioner's cases, noting that petitioner had filed at least 34 cases in that court that had been summarily dismissed under 28 U.S.C. § 1915(e)(2), at least 82 that had been dismissed for lack of prosecution or failure to comply with an order of the court, and at least 93 that had been dismissed pursuant to the three strikes rule, not including the 82 complaints that were the subject of the May 17 order. Finding that petitioner's additional 82 cases "did not raise credible claims of 'imminent danger,'" she imposed a "prefiling injunction" requiring among other things that the clerk of court return unfiled any civil action petitioner submitted to that court unless he were to meet a series of requirements listed in the order. See, e.g., Riches v. Peterson, No. 6:08-1092-MBS, slip op. at 6 (D.S.C. May, 17, 2008).
>
> Petitioner's activities in May and June have slowed substantially. Nevertheless, he has filed suits in the Northern District of Florida, the District of Kansas, the Middle District of Louisiana, the Central and Southern Districts of Illinois, the Southern District of Florida, the Western District of Missouri, the Southern District of Indiana, the Northern District of Oklahoma, the Districts of Oregon, Wyoming and New Mexico, the Southern Districts of Iowa and Ohio, the Northern District of Ohio, the District of Delaware and most recently, the Western District of Wisconsin.

2008 WL 2564785, at *1-2.

This Court now joins the approach of the United States District Court for the Northern District of Georgia. To date, Mr. Riches, using absurd aliases, has attempted to initiate twenty-one cases, often naming as defendants newsmakers and celebrities, both fictional and nonfictional. Each case has been dismissed for failure to cure deficiencies, including but not limited to his failure to file a complaint, a § 1915 motion,

7

or a certified account statement as required by § 1915, and for his failure to prosecute:

1. *Riches v. McVeigh*, No. 07-cv-02051-ZLW (D. Colo. Nov. 8, 2007);

2. *Riches v. Iverson*, No. 07-cv-02217-ZLW (D. Colo. Nov. 30, 2007);

3. *Riches v. Demers*, No. 08-cv-01309-ZLW (D. Colo. July 31, 2008);

4. *Riches v. Blahnik*, No. 08-cv-01456-ZLW (D. Colo. Aug. 22, 2008);

5. *Riches v. Helmsley*, No. 08-cv-01457 (D. Colo. Aug. 22, 2008);

6. *Riches v. Consumer Product Safety Improvement Act*, No. 09-cv-00355-ZLW (D. Colo. Apr. 3, 2009);

7. *Riches v. Gowadia*, No. 09-cv-00742-ZLW (D. Colo. May 18, 2009);

8. *Riches v. Phillips*, No. 09-cv-01037-ZLW (D. Colo. June 15, 2009);

9. *Riches v. Swine Flu*, No. 09-cv-01076-ZLW (D. Colo. June 18, 2009);

10. *Riches v. Chapter II Bankruptcy*, No. 09-cv-01119-ZLW (D. Colo. June 26, 2009);

11. *Riches v. Beavis & Butt-Head*, No. 09-cv-01329-ZLW (D. Colo. July 16, 2009), *appeal dismissed for lack of prosecution*, No. 09-1329 (10th Cir. Sept. 8, 2009);

12. *Riches v. WNBA*, No. 09-cv-01455-ZLW (D. Colo. July 31, 2009), *appeal dismissed for lack of prosecution*, No. 09-1354 (10th Cir. Sept. 4, 2009);

13. *Riches v. Riches*, No. 09-cv-01552-ZLW (D. Colo. Aug. 11, 2009), *appeal dismissed for lack of prosecution*, No. 10-1277 (10th Cir. July 21, 2010);

14. *Riches v. Jon & Kate Plus 8*, No. 09-cv-01593-ZLW (D. Colo. Aug. 17, 2009), *appeal dismissed for lack of prosecution*, No. 10-1284 (10th Cir. July 27, 2010);

15. *Riches v. Ghostbusters*, No. 09-cv-01606-ZLW (D. Colo. Aug. 17, 2009), *appeal dismissed for lack of prosecution*, No. 10-1278 (10th Cir. July 21, 2010);

16. *Riches v. Velentzas*, No. 09-cv-01701-ZLW (D. Colo. Sept. 9, 2009);

17. *Riches v. Zazi*, No. 09-cv-02409-ZLW (D. Colo. Nov. 19, 2009), *appeal dismissed for lack of prosecution*, No. 09-1535 (10th Cir. Jan. 4, 2010);

18. *Riches v. Readers Digest*, No. 10-cv-00088-ZLW (D. Colo. Feb. 23, 2010), *appeal filed*, No. 10-1304 (10th Cir. July 19, 2010);

19. *Riches v. Brees*, No. 10-cv-00421-ZLW (D. Colo. Apr. 5, 2010), *appeal dismissed for lack of prosecution*, No. 10-1266 (10th Cir. July 21, 2010);

20. *Riches v. Academy Awards*, No. 10-cv-00760 (D. Colo. May 20, 2010); and

21. *Riches v. Deepwater Horizon Rig*, No. 10-cv-01123 (D. Colo. filed May 14, 2010).

This Court has made repeated efforts to allow Mr. Riches to cure deficiencies and defects in his filings. However, the Court will not tolerate abuse of its limited judicial resources by *pro se* litigants who initiate actions and then repeatedly fail to comply with Court orders to cure the defects in their filings. The Court has the power to enjoin litigants who abuse the judicial system. *See Tripati v. Beaman*, 878 F.2d 351 (10th Cir. 1989) (per curiam).

"[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Id.* at 353 (citation omitted). "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." *Andrews v. Heaton*, 483 U.S. 1070, 1077

9

(10th Cir. 2007).

> Specifically, injunctions restricting further filings are appropriate where the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented.

*Id.*

Sanctions may be imposed under Fed. R. Civ. P. 11(c), even against a *pro se* plaintiff, if a pleading or other paper lacks "claims, defenses, and other legal contentions . . . warranted by existing law" and the "factual contentions" lack "evidentiary support." *See* Fed. R. Civ. P. 11(b) (imposing same standard on both attorneys and "unrepresented part[ies])." In order to comply with Rule 11 and avoid sanctions thereunder, a *pro se* party's actions must be objectively reasonable. *White v. Gen. Motors Corp.*, 908 F.2d 675, 683 (10th Cir. 1990). A pattern of groundless and vexatious litigation will justify an order enjoining a litigant from filing any claims without first seeking prior leave of court. *See Ketchum v. Cruz*, 961 F.2d 916, 921 (10th Cir. 1992); *Winslow v. Romer*, 759 F. Supp. 670, 677-78 (D. Colo. 1991); *Colorado ex rel. Colo. Judicial Dep't v. Fleming*, 726 F. Supp. 1216, 1221 (D. Colo. 1989). A plaintiff has the right to notice and to oppose, in writing, the imposition of future restrictions. *See Tripati*, 878 F.2d at 354.

Therefore, in order to provide Mr. Riches with his opportunity to oppose the imposition of filing restrictions before they are implemented, he will be ordered to show cause within twenty days why filing restrictions should not be imposed against him for his repetitive and abusive filings.

The Court finds that Mr. Riches' abusive history of filing actions demonstrates that imposition of filing restrictions is appropriate. Unless Mr. Riches shows cause otherwise, the Court will prohibit him from filing new actions in the United States District Court for the District of Colorado without the representation of a licensed attorney admitted to practice in the United States District Court for the District of Colorado, unless he obtains permission to proceed *pro se*. In order to obtain permission to proceed *pro se*, Mr. Riches will be directed to take the following steps:

1. File with the clerk of this Court a motion requesting leave to file a *pro se* action.

2. Include in the motion requesting leave to file a *pro se* action the following information:

    A. A list of all lawsuits currently pending or filed previously in the District of Colorado, including the name, number, and citation, if applicable, of each case, and the current status or disposition of each case; and

    B. A statement of the legal issues to be raised in the proposed new pleading and whether he has raised the same issues in other proceedings in the District of Colorado. If so, he must cite the case number and docket number where the legal issues previously have been raised.

3. Submit the proposed new pleading to be filed in the *pro se* action.

The motion requesting leave to file a *pro se* action and the proposed new pleading shall be submitted to the clerk of the Court, who shall forward them to the judicial officer designated by the Chief Judge pursuant to D.C.COLO.CivR 8.1C. for review. If the motion requesting leave to file a *pro se* action is denied, the matter will be dismissed. If the motion requesting leave to file a *pro se* action is granted, the case

will proceed in accordance with the Federal Rules of Civil Procedure and the Local Rules of Practice of the United States District Court for the District of Colorado-Civil.

Accordingly, it is

ORDERED that the action is dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for the failure of Plaintiff, Jonathan Lee Riches, to comply with a Court order and cure the designated deficiencies within the time allowed. It is

FURTHER ORDERED that Mr. Riches is ordered to show cause **within twenty (20) days from the date of this order** why he should not be prohibited from filing new actions in the United States District Court for the District of Colorado without the representation of a licensed attorney admitted to practice in the United States District Court for the District of Colorado, unless he obtains the Court's permission to proceed *pro se* as discussed in this order. It is

FURTHER ORDERED that filing restrictions may be imposed whether or not Mr. Riches shows cause as directed within the time allowed. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  2nd  day of  August , 2010.

BY THE COURT:

 s/Philip A. Brimmer 
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01123-BNB

Jonathan Lee Riches
a/k/a Bernard Madoff
Reg No. 40948-018
Federal Medical Center
P.O. Box 14500
Lexington, KY 40512

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 8/3/10

GREGORY C. LANGHAM, CLERK

By /s/ _____
      Deputy Clerk